**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 25, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KELVIN B. SCOTT, JR.,

Defendant - Appellant.

No. 14-6106
(D.C. No. 5:04-CR-00075-F-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

---

After examining defense counsel's *Anders* brief and the appellate record, this panel

has determined unanimously that oral argument would not materially assist in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This

case is therefore ordered submitted without oral argument.

Appellant Kelvin Scott was released from a 120-month term of imprisonment in

January 2013 on a three-year period of supervised release. In April 2014, Appellant was

arrested for several violations of his supervised release. At a hearing held on April 29,

2014, he admitted to committing these violations and asked the district court to send him

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to inpatient residential substance abuse treatment instead of prison. However, the district court concluded that a term of imprisonment would be appropriate. The court revoked his supervised release and sentenced him to nine months' imprisonment, followed by a twenty-seven-month period of supervised release. The court imposed the same conditions that applied to Appellant's first term of supervised release, plus an additional condition requiring Appellant to submit to "a search of his person, property, or any automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal drugs at the direction of the probation officer upon reasonable suspicion." (R. at 43.)

On appeal, Appellant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), explaining why counsel believes there to be no meritorious grounds for appeal. Appellant was provided with an opportunity to respond, but he declined to do so. The government also declined to file an answer brief.

In her *Anders* brief, defense counsel suggested Appellant could potentially appeal the district court's decision to impose a nine-month period of incarceration rather than ordering Appellant to undergo inpatient treatment. However, any possible challenges to the district court's imposition of the nine-month sentence have been mooted by Appellant's recent release from prison. *See United States v. Meyers*, 200 F.3d 715, 722 (10th Cir. 2000). We accordingly lack jurisdiction to consider any such arguments. *See id.* at 72. Defense counsel did raise one potential argument that might withstand a mootness challenge—an argument that the district court erred in imposing the additional

-2-

special condition of supervised release that will require Appellant to submit to a search if the probation officer believes there is reasonable suspicion warranting a search. However, even if this argument is not moot, we see no error in the imposition of this condition, much less plain error. We therefore **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge